PERSONAL FINANCE COMPANY OF PATERSON, A COR-
PORATION, APPELLANT, v. CHARLES SNYDER, RE-
SPONDENT.

Submitted May 2, 1944—Decided June 14, 1944.

Before Justices Parker, Heher and Colie.

For the appellant, *Samuel N. Poritz.*

For the respondent, *Charles W. Symanski.*

The opinion of the court was delivered by

Parker, J.   This is plaintiff's appeal from a judgment
in its favor for $45.35, plaintiff claiming that the amount of
the judgment should have been $300, the face of a promissory
note dated October 10th, 1942, made by defendant-respondent.
The defense to the claim of $300 seems to have been that in
January, 1943, defendant had gone through bankruptcy, and
(inferentially, though the case does not directly state) had
been discharged.   The claim of plaintiff on that phase of the
case was that the discharge was ineffective because the debt
of $300 had been fraudulently incurred, and consequently not
discharged by the bankruptcy proceeding.   That there was
a fraudulent statement inducing the transaction of October
10th, 1942, is apparently conceded: but the claim for
defendant-respondent is that on October 10th, 1942, plaintiff
already held a note of defendant and his wife for $254.65,
not the result of any fraud: that defendant applied on Octo-
ber 10th for an increase of the loan to $300, signed the note

now in suit (the wife not joining therein) and received the old note and the difference of $45.35; and hence, as claimed for defendant, the false statement inducing the transaction of October 10th, 1942, was referable only to the increase of $45.35 and not to the renewal of the previous loan of $254.65, so that the latter was barred by the bankruptcy. The District Court so held, and entered judgment for the $45.35 only.

We consider that this was error. The legal effect of the transaction of October 10th, 1942, was the extinguishment of the existing debt of defendant and his wife, the amount of which was $254.65, and the creation of a new debt of defendant alone, induced by fraud, of $300. The argument that defendant received only $45.35 in cash ignores the fact that he received a renewal of the $254.65 for which he was liable, based on admitted fraud, to which the bankruptcy was no bar.

The judgment will be reversed and a new judgment entered in this court for $300 and costs.