16 N.J. Super. 133 (1951)
84 A.2d 32
PERSONAL FINANCE COMPANY OF NEW JERSEY, A CORPORATION, PLAINTIFF-APPELLANT,
v.
CONRAD E. BRUNS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 22, 1951.
Decided November 2, 1951.
*134 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Donald B. Kipp argued the cause for the appellant (Messrs. Pitney, Hardin & Ward, attorneys; Mr. Alfred I. Manson, Jr., on the brief).
The opinion of the court was delivered by JACOBS, S.J.A.D.
The plaintiff's complaint sought recovery of the sum of $353.79 together with interest and costs; the district court rendered judgment in its favor for $14 and it has duly appealed therefrom.
On January 26, 1949, an outstanding loan from the plaintiff to the defendant and his wife was renewed in the sum of $500. On May 18, 1949, the principal still payable thereunder was approximately $436 and the defendant then sought to reduce its monthly installments. He executed a formal application for loan in the sum of $450 and financial statement which the district court found to be false and fraudulent. In reliance upon this application and financial statement the outstanding loan of approximately $436 was apparently cancelled, $14 in cash was delivered to the defendant, and a new note dated May 18, 1949, in the sum of $450 and providing for reduced monthly installments was executed *135 by the defendant and his wife. Payments were made on this note and the amount due at the time of the trial below was $353.79 plus interest. On June 26, 1950, the defendant had been discharged in bankruptcy and he relied thereon in defense of the plaintiff's action against him. The district court found that "although the defendant did fraudulently obtain said renewal loan of May 18, A.D., 1949, the only damage suffered by the plaintiff, as a result of said fraud, was the sum of $14" and entered judgment accordingly; the plaintiff's contention is that it was entitled to judgment for the full amount claimed.
Section 14 c (3) of the Bankruptcy Act (11 U.S.C.A., § 32) formerly provided that a discharge shall be granted unless the applicant has "obtained money or property on credit upon a materially false statement in writing." The federal courts held that this provision was applicable where the bankrupt had obtained the renewal of a note through the aid of a fraudulent financial statement; it was considered that when the old obligation was cancelled he had obtained "property" within the statutory contemplation. See Samet v. Farmers' & Merchants' National Bank, 247 Fed. 669 (4th Cir. 1917); Morton v. Snider, 20 F.2d 469 (8th Cir. 1927); Mullen v. First National Bank of Ardmore, 57 F.2d 711, 713 (10th Cir. 1932). The foregoing was expressly adopted by the 1926 amendment of section 14 c (3) which provides that the discharge shall be granted unless the applicant has "obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition." See Mullen v. First National Bank of Ardmore, supra; Collier on Bankruptcy (14th ed. 1940) p. 1362. Section 17 of the Bankruptcy Act (11 U.S.C.A., § 35) provides that a discharge shall release the bankrupt from all of his provable debts except, among others, such as "are liabilities for obtaining money or property by false pretenses or false representations." In the absence of clear indication *136 of congressional intent to the contrary, the identical language in sections 17 and 14 would receive the same construction. See Jersey City v. Zink, 133 N.J.L. 437, 456 (E. & A. 1945). Presumably, therefore, the courts would consider that the surrender of an outstanding note upon its renewal induced by a false and fraudulent financial statement involves the obtaining of property under section 17, as was held under section 14 even before its amendment. But cf. Carville v. Lane, 116 Me. 332, 101 A. 968 (1917); 6 Am. Jur. 1008 (1950).
We need not pursue consideration of the authorities which may be applicable to an ordinary renewal of an outstanding note. In the instant matter the note was not simply renewed; there was in substance, as well as form, a new transaction in which the defendant obtained not only the customary surrender of the old note and the extension of credit incident to the new, but also the further advance of $14 in cash and reduction of the monthly installment payments. This he did through the aid of a false and fraudulent financial statement and he came under a resulting liability in the full amount for obtaining property by false representations within the contemplation of section 17 of the Bankruptcy Act. Personal Finance Co. of Paterson v. Snyder, 131 N.J.L. 597 (Sup. Ct. 1944). But cf. Personal Finance Co. of Shreveport v. Murphy, 53 So.2d 421 (La. Ct. of App. 1951). In the Snyder case the plaintiff held a note of the defendant and his wife for $254.65; the defendant applied for an increase to $300 and submitted a false financial statement; he received the old note and the difference of $45.35, and executed a new note without his wife joining therein. The district court held that the plaintiff was entitled to judgment for only $45.35 because of the defendant's discharge in bankruptcy. This holding was reversed by our former Supreme Court which pointed out that the defendant had received not only the cash advance but "a renewal of the $254.65 for which he was liable" and that since both were obtained by the fraud the plaintiff's claim for *137 $300 was not barred by the discharge in bankruptcy. See 11 U.S.C.A., § 35; Meier Credit Co. v. Yeo, 129 N.J.L. 82, 85. (E. & A. 1942). It is true that in the Snyder case the defendant's wife did not join in the new transaction; however, the decision by our former Supreme Court did not turn upon that fact and in view of the other attendant circumstances it furnishes no real basis for differentiation.
Reversed without costs.