The plaintiff sued the defendants for the balance due on a promissory note together with accrued interest. The execution and terms of the note are admitted; there is no dispute as to the amount due, except as the obligation may be unenforceable against defendant David E. Cooper, because of the specially pleaded defense of a discharge in bankruptcy. This defense has been denied on the ground that the debt was incurred through a materially false financial statement as to defendants' financial condition and was, therefore, not dischargeable in bankruptcy.
On June 14, 1960, the defendants executed a note under the Small Loans Act (General Statutes §§ 36-225 — 36-243) in the amount of $300, payable in twenty equal monthly instalments, including interest at the allowable legal rate. All but $67.39 of *Page 185 
the loan, which the defendants received in cash, was by way of renewal of an existing loan with the plaintiff. At the time the present loan was made, both defendants signed an application and financial statement in which they listed only two debts owed by them to creditors other than the plaintiff, in the aggregate amount of $373. The printed form filled out and signed by the defendants contained a requirement prominently displayed that all debts be listed and none omitted. Nondisclosure thus became as much a material misrepresentation as a false listing of debts. The plaintiff relied on this statement in discharging the defendants' existing obligation by surrendering the note and in advancing the new loan.
On August 31, 1960, defendant David E. Cooper filed an application in bankruptcy and, in the annexed schedule of unsecured claims, listed forty-eight debts in the total amount of $3488.87. All of these debts had accrued and matured before the defendants had made the application and financial statement for the loan sued on; and only one of the scheduled debts, other than the plaintiff's loan, had been included in the financial statement executed by the defendants. On October 16, 1960, defendant David E. Cooper was discharged as a bankrupt.
The sole question of law dispositive of this case is whether the discharge in bankruptcy effectively bars the present action. This question has not been ruled on by our Supreme Court of Errors. One reported case, closely parallel on the facts, involved the question of adjudication rather than discharge in bankruptcy. Personal Finance Co. v. Lillie,129 Conn. 290. Involved in the question of discharge is the further question whether it operates only as to the new cash advanced on the present loan or on the entire obligation, including renewal of the prior existing loan. An identical situation had been adjudicated *Page 186 
in the Court of Common Pleas, and the well-reasoned decision, amply supported by contemporaneous, and in substantial agreement with later, authorities, furnishes a sound basis for the decision in this case. See Personal Finance Co. v.Vigneault, 10 Conn. Sup. 446 (1942).
The pertinent provisions of the federal Bankruptcy Act, § 17a(2), read as follows: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations . . . ." 30 Stat. 550 (amended by 52 Stat. 851, as amended, 11 U.S.C. § 35 [a] [2]). The first question to be decided is whether the discharge of a former loan by way of a renewal induced by false pretenses or false representations constitutes the obtaining of money or property within the meaning of the Bankruptcy Act. Upon this question there is a conflict of authority. It has been held that the renewal of a note, even if induced by false representations, is not obtaining property within the meaning of § 17a(2). That conclusion is based on the proposition that a renewal is not payment of the prior note or for any property or money previously obtained from the lender for which the promissory note had been given. See such cases asPersonal Finance Co. v. Murphy, 53 So.2d 421, (La.App. 1951); Carville v. Lane, 116 Me. 332 (1917); and cases cited in 1 Collier, Bankruptcy (14th Ed.) ¶ 17.16 n. 9, p. 1614 (1961).
In reliance upon the defendants' false representation, the plaintiff surrendered an existing obligation, with the right to its immediate enforcement, and entered into a new contract maturing in twenty months, advancing additional cash as well. This constituted a new transaction and resulted in a separate obligation independent of the former debt; *Page 187 
and the debt thus incurred created a new and distinct liability for the entire balance due on the note within the intendment of § 17 of the Bankruptcy Act. The federal courts have so held in construing a similar and related provision in § 14b(3) (32 Stat. 797, as amended, 11 U.S.C. § 32 [c] [3]), having to do with the denial of discharge where it appears that the bankrupt had obtained money, property or credit upon a materially false representation. SeeSamet v. Farmers' Merchants' National Bank,247 F. 669 (4th Cir. 1917); Morton v. Snider,20 F.2d 469 (8th Cir. 1927); Mullen v. First NationalBank, 57 F.2d 711 (10th Cir. 1932). In the foregoing cases, it was held that a renewal note was property within the meaning of § 14b(3); and by way of achieving uniformity of definition it has been held that in the absence of a clear indication of a congressional intent to the contrary the identical language in §§ 14 and 17 should receive the same construction.Personal Finance Co. v. Bruns, 16 N.J. Super. 133
(App.Div. 1951); Personal Finance Co.
v. Snyder, 131 N.J.L. 597 (1944).
On July 12, 1960, an amendment to § 17a(2) became effective, clarifying any doubt that may have existed in conflicting interpretations of the Bankruptcy Act by stating unequivocally that a discharge did not release a bankrupt where he had obtained an extension or renewal of credit through a false financial statement. 74 Stat. 409, 11 U.S.C.A. § 35(a)(2). This provision reinforces and codifies what hitherto had been the accepted interpretation by respectable authority and is applicable in the present case. See 1960 U.S. Code Cong. and Adm. News, p. 2954.
 Judgment may enter for the plaintiff to recover of both defendants the sum of $295.84 together with interest of $28.78 and taxable costs.