John H. Farnham, J.
The plaintiff has brought suit in contract to recover a debt on a promissory note given by defendant to plaintiff for the payment of a loan made by plaintiff to defendant in the sum of $800. The defendant interposes an answer denying the essential allegations in plaintiff’s complaint and including the denial that he owes the plaintiff any money. As a separate defense defendant pleads the fact of his adjudication in bankruptcy on the 13th day of February, 1961, stating also that plaintiff’s claim was duly scheduled in defendant’s bankruptcy schedules as a debt, and that on June 13, 1961, he was discharged in bankruptcy from all the debts and claims provable under the Bankruptcy Act, which included the plaintiff’s claim set forth in its complaint.
As a part of defendant’s moving papers, he annexed Exhibit A purporting to be a copy of his discharge in bankruptcy which states in part as follows:
“It is ordered that the said William David Meyers be and he hereby is discharged from all debts and claims which by the Act of Congress relating to bankruptcy are made provable against his estate, except such debts as are by said act excepted from the operation of a discharge in bankmptcy ”. (Italics supplied by this court.)
Section 17 (subd. [a], par. [2]) of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a], par. [2]) excludes from the effect of the discharge in bankruptcy liabilities for obtaining money or property by false pretenses or false representations.
*70 Section 14 (snbd. [c], par. [3]) of the Bankruptcy Act (U. S. Code, tit. 11, § 32, subd. [c], par. [3]) makes it futile for a creditor of a nonbusiness bankrupt to object to the discharge on the grounds of fraudulently claimed credit. In the opinion of this court, it follows that the plaintiff was under no obligation to raise the issue of fraud or false representations during the bankruptcy hearings prior to discharge or at the hearing when defendant’s bankruptcy discharge was granted.
In the light of section 14 (subd. [c], par. [3]) above mentioned, the plaintiff may bring his civil action for the debt after the defendant’s discharge and if he is able to prove the false representations he may recover the debt after the defendant’s discharge, pursuant to section 17 (subd. [a], par. [2]) (supra). The case of Personal Finance Corp. v. Robinson (27 N. Y. S. 2d 6) is squarely in point and in arriving at a decision on this motion the court believes that the Personal Finance Corp. case is controlling.
As in the Personal Finance Corp. case, the defendant here maintains that the plaintiff has not brought itself within the scope of said section 17 of the Bankruptcy Act for the reason that his complaint is based in contract and is silent in pleading the essential elements of fraud. This is true. However, it seems to be well established that a court is not concluded by the form of the action nor even by the allegations of the complaint but may resort to the entire record and directions to determine the character of the claim. The Personal Finance Corp. decision by Mr. Justice Deyo cites any number of cases which in the opinion of this court support the position of the plaintiff. There are fact questions presented to be determined by the trial court and holding that the allegation of fraud on the part of the defendant is unnecessary, the court must deny defendant’s motion for summary judgment. That is the court’s decision on this motion and it carries with it motion costs in the amount of $10.