JESSE S. HEARD, Judge ad hoc.
Plaintiff, Perdido Finance Company, a commercial partnership composed of Douglas L. Black, Maurice J. Carricre and James F. Terrell, Jr., instituted this suit against the defendants, Bennie Campbell and his wife, Dolores Shephard, endeavoring to recover the sum of $269.73, together with interest thereon from June 10, 1958 until paid and in addition, twenty per cent of the aggregate of principal and interest as attorney’s fees and the sum of $577.89 with interest thereon from June 10, 1958 until paid, together with twenty per cent additional of the aggregate of principal and interest as attorney’s fees, representing money due plaintiff on two promissory notes executed by the defendants on the respective dates of September 20, 1957 and November 15, 1957. Plaintiff alleged that in obtaining these loans the defendants furnished a false financial statement and, therefore, their discharge in bankruptcy has no effect on these debts.
The defendants in their answer denied that they were indebted unto the plaintiff in any amount by virtue of a bankruptcy decree discharging these debts.
*118 From a judgment in favor of the defendants, the plaintiff has appealed.
The record reveals that the plaintiff is the holder of a promissory note dated September 20, 1957 in the amount of $300.00, payable to Perdido Finance Company in twenty (20) monthly installments of $20.52 each, and that there is a balance due thereon of $260.73, plus interest and attorney’s fees and also another note dated November 15, 1957 in the amount of $650.00, payable in seventeen (17) monthly installments of $36.11 each and that there is a balance due thereon of $577.89 plus interest and attorney’s fees.
In the course of applying for the loans the defendants in each case signed what has been referred to as a financial statement, reflecting liabilities of $1830.61 on September 20, 1957 and $1574.18 on November 15, 1957, whereas, on September 20, 1957, the defendants owed debts in addition to those listed amounting to the sum of $650.21 and on November 15, 1957, they owed debts in addition to those listed in the sum of $636.21. On July 1, 1958, the defendants filed a petition in bankruptcy in which the plaintiffs indebtedness was listed and on December 1, 1958 they received a discharge. The plaintiffs insist that the loans were secured by false pretenses on the part of the defendants and seek to have this court declare that the notes were not discharged by the proceedings in bankruptcy.
Mr. Terrell, one of the partners of Per-dido Finance Company, testified that when the application for the loans was made that he and Mr. Carriere, another partner, discussed and analyzed the applications and financial statements. He testified that he checked with their small loan exchange in order to be sure that all finance companies were reported on the statement. He further testified that they did not know who else the applicant owed until it was written down by the applicant. He testified further that he ascertained from the financial statement that the defendants could pay the loan from their income.
On cross examination Mr. Terrell further stated that in clearing applicants for loans he obtained information from the Exchange of Consumer Finance Companies and also from the Credit Bureau; that the Credit Bureau would not give to the plaintiff the names of the creditors but would give the type of business and amount owed. This statement was corroborated by Mr. Maurice J. Carriere, one of the partners of the plaintiff partnership.
The Court, in the case of DeLatour v. Lala, 1930, 15 La.App. 276, 131 So. 211, and followed in the case of Seybold Finance Service, Inc. v. Schwaner, April 28, 1958, La.App., 102 So.2d 317, stated:
“* * * before section 17 (11 U.S. C.A. § 35) would be applicable, the plaintiff must show: (1) That defendant made false representations; (2) that these representations were made with the intention of defrauding the plaintiff, and (3) that the plaintiff relied upon and was misled by the false pretenses or representations.”
While it may be true that defendants' representations, as contained in their financial statements, were technically false in that they did not reflect all of their outstanding indebtedness at the time the notes were given, it is clear from the statements of the plaintiff’s officers that they did not rely upon nor were they misled by the false representations of the defendants. Before the loans were made they not only checked with the Credit Bureau, but also their finance company exchange.
We are, therefore, forced to conclude that the plaintiff has failed to show that it has complied with Item 3 in the rule set forth in the case of DeLatour v. Lala.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.