McBRIDE, Judge.
This is an appeal by defendant from a judgment in plaintiff’s favor for $300, etc., due on defendant’s certain promissory note dated January 24, 1962.
The defense to plaintiff’s suit is that defendant was adjudicated a voluntary bankrupt and subsequently received his discharge as such, and that whereas plaintiff’s claim was listed on the bankruptcy schedules, defendant is fully released from any indebtedness on the note and the discharge stands as a bar to plaintiff’s recovery. Plaintiff is a moneylender. The promissory note sued upon was executed by defendant in representation of a loan. Plaintiff’s contention is that in connection with the transaction defendant signed and submitted a financial statement in which he represented that he had no liabilities or outstanding obligations, and that plaintiff in making the loan relied on the truthfulness and verity *305 of defendant’s representations, which were to defendant’s knowledge false and untrue and were made by him for the purpose of deceiving and defrauding plaintiff and that plaintiff has actually been a victim of such fraud. Plaintiff points to the exception in Sec. 17 of the Bankruptcy Act (11 U.S.C.A. § 35) to the effect that a discharge does not have the effect of releasing a bankrupt’s liabilities for obtaining money or property by false pretenses or false representations.
Before Sec. 17 of the Bankruptcy Act (11 U.S.C.A. § 35) would be applicable, it is incumbent on the plaintiff to show: (1) That defendant made false representations; (2) that such representations were made with the intention of defrauding plaintiff; and (3) that the plaintiff relied upon and was misled by the false pretenses or representations. De Latour v. Lala, 15 La.App. 276, 131 So. 211.
The lower court believed that plaintiff had successfully carried the burden of proof which rested upon it and also thought defendant had failed to disprove an intent to defraud. See Earl Staehle Finance, Inc. v. Brooks, La.App., 144 So.2d 155; Accounts Supervision Company v. Atley, La.App., 89 So.2d 508. At the time the loan transaction was consummated defendant was debt ridden. Just before making the loan with plaintiff, he found himself in a situation of borrowing from one loan company to pay off others in order to prevent suits being filed against him. It also seems that he was already then contemplating bankruptcy for he stated:
“Yes. In fact, I talked to my lawyer and I tried every way in the world to keep from going bankrupt, but there was no way out.”
He owed several finance companies balances on loans; he owed a doctor’s bill and also a sizable balance to a bank, and when he declared himself a bankrupt, his aggregate debts were nearly $9,000, all of which was owed when he made the loan. The bankruptcy proceedings took place a few months after the loan was made.
The “Financial Statement” in question was admittedly signed by defendant. However, he claims he was handed a batch of forms, none of which were filled out, which plaintiff’s representative required him to sign in blank before the loan could be consummated. The statement is. addressed to plaintiff and reads in part thus: “I hereby apply to you for a loan of $300.00. For the purpose of showing my ability to repay the same and to induce you to grant said loan, I hereby declare that a list of all my debts and liabilities is as follows: NONE. * * I hereby state, affirm, represent and warrant to you that my total indebtedness and liabilities on this date do not exceed $ as above.” The word “none” was written into the statement by plaintiff’s representative. He testified that he obtained the information from defendant verbally and wrote “none” into the statement before defendant signed and that ■ defendant knew that the word had been-therein written.
The trial court did not believe defendant’s statement that he signed the financial statement in blank and evidently formulated that conclusion on defendant’s admission: “Q. But you knew there was a financial statement in there? A. Yes, sir.”
The testimony is convincing that plaintiff relied on the contents of the financial statement. The representative of the loan company testified that had he known defendant owed such a large amount of outstanding obligations, he never would have approved the loan. The trial judge was not impressed, nor are we, with defendant’s attempts to show that he was not acquainted with the method used by finance companies in granting loans, for he seems to have had a great deal of experience in that respect, the record showing that he had borrowed money from plaintiff on several prior occasions.
There is no error in the judgment. Defendant’s false representations are evident and were made with the designed intention of defrauding plaintiff; that plain *306 tiff relied upon the representations, was misled thereby, and suffered a monetary loss therefrom. Under the provisions of Sec. 17 of the Bankruptcy Act, the discharge ■does not have the effect of releasing defendant’s indebtedness unto plaintiff, and, therefore,
The judgment is affirmed.
Affirmed.