REGAN, Judge.
Plaintiff, the United Credit Plan, Inc., instituted this suit endeavoring to recover the sum of $308.44 together with interest and attorney’s fees representing the balance due on a promissory note executed by the defendant on June 29, 1961,
Defendant answered and pleaded in defense thereof his discharge in bankruptcy by the United States District Court on December 18, 1961.
From a judgment in favor of the plaintiff in the amount of $308.44 together with interest at 8% plus 25% attorney’s fees, the defendant has prosecuted this appeal.
The only question which this appeal has posed for our consideration is whether the loan which constituted the consideration for the defendant’s promissory note was granted by the plaintiff in reliance on a false financial statement given to it by the defendant.
The record reveals that the defendant obtained at least three previous loans from the plaintiff before the transaction occurred which forms the basis of this suit
*809 On June 29, 1961, defendant owed plaintiff a balance of $70.70. Defendant then applied for a new loan, which the plaintiff granted as a renewal thereof. Accordingly, his previous balance was incorporated into a new note, which plaintiff signed in the amount of $336.48. It is conceded by the plaintiff that the defendant subsequently made one payment on account thereof in the amount of $28.04.
In the course of consummating the renewal loan, plaintiff signed a statement relative to his financial condition wherein he stated that he owed to his creditors the sum of only $70.70. However, on August 28, 1961, or about two months after obtaining the renewal loan, he filed a petition in bankruptcy and listed on the schedules thereof a total indebtedness, both secured and unsecured, of $4,720.48.
Plaintiff simply contends that the loan would not have been granted if defendant’s true financial condition had -been revealed.
Under the Bankruptcy Act,[1] it is provided that a discharge does not have the effect of releasing a bankrupt’s liability to creditors listed in the proceeding when money or property was obtained from creditors by false pretenses or false representations. Under Sec. 17 of the Act the plaintiff has the burden of proving (1) that the defendant made false representations, (2) that such representations were made with the intention of defrauding the plaintiff, and (3) that the plaintiff relied upon and was misled by the false pretenses or representations[2]
In order to prove that it relied on the defendant’s financial statement when executing the loan, the plaintiff offered the testimony of Sam J. Silvio, its office manager. Silvio asserted that he approved the loan since he relied upon the statement by the defendant relative to his financial condition. He later explained that the statement was accepted by Sam Crawford, an office employee; however, it was subsequently approved by him. He testified that he checked defendant’s credit through the medium of the Retail Credit Bureau, but the latest information contained in their report emanated from the year of 1956.
On cross-examination, Silvio related that the defendant’s credit was rated “AA” by the plaintiff in view of his past record of payment. Silvio further admitted that he possessed knowledge from prior financial statements and credit reports that the, defendant had obtained other loans from commercial banks, one being in the amount of $52.00.
In view of the foregoing testimony offered on behalf of the plaintiff, which obviously reveals that the loan which forms the subject matter of this litigation would not have been made to the defendant if the full amount of plaintiff’s indebtedness had been known, we are of the opinion that the plaintiff has successfully carried the burden of proof to the effect that the defendant intentionally made a false representation of his indebtedness in order to defraud the plaintiff, and that the plaintiff in fact relied upon these representations to its detriment. The burden, of course, then shifted to the defendant to disprove the plaintiff’s prima facie case.[3] Since the defendant was unsuccessful in his effort in this respect, the record is quite clear that the plaintiff has proved its case by a preponderance of the evidence and that the defendant’s discharge in bankruptcy will not serve as a defense against its claim.
 In the final analysis the question of whether or not the plaintiff relied upon the misrepresentations of the defendant is a matter of fact to be decided by the trial court. Under the circumstances reflected by *810 this record, we are unable to say that the trial court committed reversible error in accepting as valid the plaintiff’s version of the transaction. Except in instances of manifest error, a trial court’s factual conclusions and its evaluation of the credibility of witnesses will not be disturbed upon review thereof by us.[4] This is more than a pious judicial formula to be sanctimoniously pronounced at the inception of an opinion and forgotten at the end.
For the foregoing reasons the judgment of the lower court is affirmed, at defendant’s cost.
Affirmed.

. 11 U.S.C.A. § 35.

. De Latour v. Lala, 15 La.App. 276, 131 So. 211; Excel Finance Mid-City, Inc. v, Chetta, La.App., 160 So.2d 304.

.Liberal Finance Corp. v. Holley, La.App., 157 So.2d 376; Earl Staehle Finance, Inc. v. Brooks, La.App., 144 So.2d 155.

. Bonner v. Town of Leesville, La.App., 118 So.2d 154.