*Northern District*
No. 5919
FAMILY LOAN CORPORATION OF QUINCY
v.
JOSEPH F. GRIMALDI
Filed September 9, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Troy, J.* in the Municipal Court of Dorchester. No. 3666 of 1963.

*Connolly, J.* This is an action of contract or tort for deceit in two counts: (quoting from the report)

"The first count in contract alleges that the defendant executed a promissory note to the plaintiff on *April* 10, 1962 in the sum of $600.00. That the defendant subsequently on *May* 13, 1963 filed a voluntary Petition in Bankruptcy listing the plaintiff as a creditor. That in connection with the making of this loan, the defendant executed to the plaintiff a false financial statement and that the plaintiff's claim on the note is not dischargeable by bankruptcy. That the balance remaining unpaid is $484.32."

"The second count in deceit alleges that the defendant on April 10, 1962, in order to induce the plaintiff to grant him a loan, submitted to the plaintiff a financial statement of his liabilities. That the defendant knew this statement to be false and made same with the intention that the plaintiff act thereon. That the plaintiff, relying upon said financial statement, made a loan to the defendant. That the defendant subsequently on May 13, 1963 filed a voluntary Petition in Bankruptcy and was adjudicated a bankrupt on that day, listing the plaintiff as a creditor. That the plaintiff has been damaged as a result of the false financial statement—all to its great loss."

*"At the trial, there was evidence tending to show:*

"That the plaintiff is in the business of making small loans and duly licensed."

"That the defendant had made several loans during the past few years. In each case after some monies were paid on account, a new loan was executed for more money advanced with the old balance included in the new notes, and with a financial statement executed by the defendant with each loan."

"That shortly before *April* 10, 1962, the plaintiff communicated with the defendant and suggested that the loan be renewed, as a result of which the defendant called in at the office of the plaintiff on *April* 10, 1962, when a new note was executed for $600.00, and additional monies advanced to the defendant amounting to $107.24. That this loan

included the balance on the previous loan which was in default. That the note for the previous loan was returned to the defendant with the signing of the new note dated *April* 10, 1962."

"That the financial statement executed by the defendant on *April* 10, 1962, with the making of the loan on that date was materially false in that the defendant failed to disclose five different debts he owed to other creditors which total $1789.47 previously incurred. That all financial statements executed by the defendant to the plaintiff in connection with the different loans as well as the loan dated *April* 10, 1962, were filled out by the defendant in his own handwriting."

"That the defendant filed a voluntary Petition in Bankruptcy on *May* 13, 1963, listing the plaintiff as a creditor and listing, among others, the five creditors which he did not disclose to the plaintiff in his financial statement submitted on *April* 10, 1962."

"That the plaintiff relied upon the financial statement furnished by the defendant on April 10, 1962 and would not have approved the new loan on that date if it had known the truth. That there remains a balance due on the note of April 10, 1962, amounting to $484.32."

The plaintiff filed twenty-six requests for rulings, seven of which were denied.

The trial judge found for the plaintiff and filed the following memorandum:

"I find that the defendant obtained money by

false representation and his liability was unaffected by his discharge in bankruptcy. I find, however, that the plaintiff is limited to recovery of amount of money which was obtained by him on note dated *April* 10, 1962. The court finds for the plaintiff on Count 1 in the sum of $107.24 with interest from April 10, 1962."

We do not feel we have to deal with the requests for the correctness of the ruling of the trial judge on the question of damages is the only issue and the facts on which he based his ruling are not in dispute. A request for a report from this ruling suffices to raise the question of law whether it was warranted. *Barton v. City of Cambridge,* 318 Mass. 420.

The issue in the case, *i.e.* whether the defendant in these circumstances is only liable for that portion of the debt which represented the actual cash received at the time of the renewal, is a familiar one in our District Courts but to our knowledge, has never been decided by our Supreme Court.

The case is controlled by the Bankruptcy Act, specifically §§17, sub. a and 14, sub. c.

Before the amendment of §17 on July 12, 1960, some of our State Supreme Courts, representing the minority view on this question, held that one who obtains an extension of credit by means of a materially false financial statement and who thereafter receives a discharge in bankruptcy remains legally responsible only for the new portion of the debt, *i.e.* that portion of the total debt which represented fresh cash received at the

time of the extension. *Household Finance v. Christian* (1959) 8 Wis. 2d 53.

The majority view was to the effect that where there had been a prior existing obligation and a new loan was negotiated for an additional amount, the giving of a false financial statement at the time of the new loan permitted the creditor to recover the entire indebtedness. *Personal Finance Company of New Jersey v. Bruns,* 16 N.J. Super. 133.

■ Before July 12, 1960, §17, sub. a read as follows:

"Debts not affected by a discharge (a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations, or for willful and malicious injuries to the person or for property of another, or for alimoney due or to become due, or for maintenance or support of wife or child, or for seduction of an unmarried female, or for breach of promise of marriage accompanied by seduction, or for criminal conversation; . . . "

On July 12, 1960, it was amended to the following:

"Debts not affected by a discharge (a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an

extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, or for willful and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintenance or support of wife or child, or for seduction of an unmarried female, or for breach of promise of marriage accompanied by seduction, or for criminal conversation; . . . "

Prior to its amendment, §14 sub. c read as follows:

"Discharges, when granted

.    .    .    .    .    .    .    .

"(c) The court shall grant the discharge unless satisfied that the bankrupt has .᠁. . (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition; . . . "

Amended on July 12, 1960, it reads as follows:

"Discharge, when granted

.    .    .    .    .    .    .    .

"(c) The court shall grant the discharge unless satisfied that the bankrupt has . . . (3) while engaged in business as a sole proprietor, partnership, or as an executive of a corporation, obtained for such business money or property on credit or as an extension or renewal of credit by making or publishing or causing to be made or published in any manner whatsoever a materially false state-

ment in writing respecting his financial condition or the financial condition of such partnership or corporation; . . . "

The amendments to both sections make it clear that it was the intent of Congress to eliminate the false financial statement as a bar to a discharge in bankruptcy, except for one engaged in business, while unequivocally stating that debts incurred by means of such statements would not be discharged in bankruptcy. *Collier's Bankruptcy* (14th ed. 1961) 1577; *First Credit Corp. v. Wellnitz* (1963) 21 Wis. 2d 18; *M-A-C Loan Plan, Inc. v. Cooper,* 23 Conn. Sup. 184.

■ Since the defendant obtained the renewal of an existing loan and additional monies as the result of his false financial statement on *April* 10, 1962, the entire debt represented by the note he gave the plaintiff at that time was non-dischargeable in his Bankruptcy of May 13, 1963. *Liberal Finance v. Holley* (May 6, 1963) 157 So. 2d 376; *Ohio Finance v. Greathouse,* 110 N.E. 2d 805.

■ As a consequence, the finding of the trial judge under count #1 (the count in contract) should have been in the amount of $484.32, the balance due on the note in question.

We do not consider count #2 (the count in deceit) since the plaintiff, through its counsel in his argument before the Division, waived such a consideration.

*The finding for the plaintiff is vacated.*

*A new finding for the plaintiff is made in the amount of $484.32 under count #1.*

Samuel Miller, of Boston, for the Plaintiff.

John P. Donovan, of Dorchester, for the Defendant.