M-A-C LOAN PLAN, INC. *v.* HAROLD J. CRANE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 10-6503-4412

Argued June 13—decided July 8, 1966

*David C. Wichman,* of Manchester, for the appellant (defendant).

*Frank J. McIntosh,* of Groton, for the appellee (plaintiff).

JACOBS, J. This is an action on a promissory note. Execution and delivery of the note are admitted. By special defense, the defendant pleaded his prior discharge in bankruptcy and that he had in those proceedings listed in a schedule his indebtedness to the plaintiff. In its reply, the plaintiff alleged that when the defendant executed the note sued upon he furnished the plaintiff with a financial statement which he knew "was knowingly false, and was intended and did, in fact, induce the plaintiff to make the loan."

The plaintiff is in the business of making small loans. On July 21, 1964, the date on which the defendant applied for a loan, he executed a statement in writing, as required by company policy, of his financial condition. In his own handwriting, the defendant made out and signed the financial statement, in which he listed his total indebtedness as of that date as consisting of two items, (1) a present loan balance with the plaintiff of $902, and (2) an indebtedness to H.N.B. of $1800, aggregating in all a total indebtedness of $2702. The defendant then wrote across the face of the statement: "I have no other debts." The plaintiff thereupon lent the defendant $1227.84, as evidenced by a promissory note in that amount. The financial statement was false. As of July 21, 1964, the plaintiff was indebted to other creditors, not listed in the financial statement, as follows: (a) Beneficial Finance Company of Willimantic, $1125.52; (b) Plantations Bank of Rhode Island, $453.60; (c) Connecticut Bank and Trust Company, $3710; (d) Hartford National Bank and Trust Company, $1722 (personal loan); Hart-

ford National Bank and Trust Company, $875 (another personal loan). The unlisted debts totaled $7886.12.

Upon these facts, the trial court concluded: (1) The plaintiff made a loan to the defendant in reliance upon the financial statement; (2) the statement was materially false; (3) the plaintiff was misled by the defendant's false representations; and (4) the debt to the plaintiff was not discharged in the bankruptcy proceedings.

In his motion to correct the finding, the defendant challenged the correctness of a portion of paragraph two and all of paragraph fifteen. The corrections sought relate solely to the issue of reliance. No motion to correct was addressed to the court's conclusion that there was due the plaintiff the sum of $1159.03. The issue of the amount due was raised for the first time on appeal. "Claims of law, to receive consideration in this court, must have been raised in the court below. They may not for the first time be raised here." *Bigionti* v. *Argraves*, 152 Conn. 700, 701. In these circumstances, we restrict our discussion of the issues on this appeal solely to the errors claimed in the failure of the court to correct the finding as specified in the first assignment of error.

The issue in this case is whether the defendant knowingly made a material false statement as to his financial condition at the time the loan was made, and whether the false statement was relied upon by the plaintiff in making the loan.

The Bankruptcy Act, § 17a (2), as amended in 1960, provides in part: "(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false repre-

sentations, or for . . . obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published . . . in any manner whatsoever with intent to deceive . . . ." 74 Stat. 409, 11 U.S.C. § 35 (a) (2) (1964); see *Public Finance Corporation* v. *Xarhakos,* 2 Conn. Cir. Ct. 469, 472; *M-A-C Loan Plan, Inc.* v. *Cooper,* 23 Conn. Sup. 184, 186, 1 Conn. Cir. Ct. 169, 171. "By the express terms of the 1960 amendment, . . . if the false representation is in the form of a false financial statement, it must be in writing, just as in the case under § 14c(3)." 1 Collier, Bankruptcy ¶ 17.16 (14th Ed., Sup. 1965, p. 46). A creditor is not required to object to discharge under § 14c(3) "but can wait and bring suit against bankrupt on grounds that the debt was nondischargeable under § 17a (2)." 1 Collier, op. cit. ¶ 14.35 (Sup. 1965, p. 36); see *Beneficial Finance Co.* v. *Meyers,* 33 Misc. 2d 69; 8B C.J.S. 54 n.57.10, Bankruptcy, § 573(a); 9 Am. Jur. 2d 582 n.11, Bankruptcy, § 780. "Under the 1960 amendment as to the exception of the liability from discharge, the creditor must show that the financial statement was given with fraudulent intent and that the loan was made in full reliance on the financial statement." 9 Am. Jur. 2d, Bankruptcy, § 785; see 1 Collier, op. cit. ¶ 17.16 [3], n.17; comment, "Effect of False Financial Statements on Debts Discharged in Bankruptcy — Section 17a(2) of the Bankruptcy Act," 21 La. L. Rev. 638.

Basically, the defendant's claim on appeal is that there was no clear and satisfactory evidence upon which the court could find the plaintiff's reliance on the financial statement. "[R]eliance on a financial statement need not be proved by direct testimony. Ordinarily it may be proved by evidence showing that the statement was made to support an application for credit and that the credit was given *after*

receipt of the statement." *Industrial Bank of Commerce* v. *Bissell,* 219 F.2d 624, 626. The present case is not one where the defendant's representations, as contained in the financial statement, were technically false. See *Perdido Finance Co.* v. *Campbell,* 144 So. 2d 117, 118 (La. App.). Nor does the record here disclose "that a somewhat easy and loose arrangement or understanding had developed between the plaintiff and the defendant." *Excel Finance Treme, Inc.* v. *Noel,* 138 So. 2d 654, 656 (La. App.). "When a lender asks a borrower how much he owes, and the borrower sets a figure without qualification, the lender properly understands that the borrower is telling what he knows; not indeed accurately to the cent, but certainly that he is not speaking at random. If he is merely guessing at the right amount—which it is necessarily within his power to ascertain—his answer is untruthful unless he in some way conditions it. It may be morally worse to tell what he knows to be false, but it is as deliberate a deceit to give an appearance of accuracy to what one knows to be a shot in the dark." *Morris Plan Industrial Bank* v. *Lassman,* 116 F.2d 473. "[R]eliance in the end is to a considerable degree a matter of one's opinion." *Wylie* v. *Ward,* 292 F.2d 590, 592. "In the final analysis the question of whether or not the plaintiff relied upon the misrepresentations of the defendant is a matter of fact to be decided by the trial court." *United Credit Plan, Inc.* v. *Seminary,* 162 So. 2d 807, 809 (La. App.) ; see *J. M. Radford Grocery Co.* v. *Halper,* 274 S.W. 1023 (Tex. Civ. App.).

The plaintiff's office manager testified, in substance, that his company relied heavily upon the financial statement in order to measure an applicant's ability to repay the loan; and "this [financial statement] gives us, in the man's own handwriting, a true picture of his obligations." We cannot say that,

under all the facts of the case, the court was not warranted in concluding that reliance on the statement was sufficiently established. Therefore, the court's conclusion that the defendant's debt to the plaintiff was a nondischargeable one is clearly correct. See *Tower Finance Corporation* v. *Winemiller*, 43 Ill. App. 2d 10, 17.

There is no error.

In this opinion KOSICKI and LEVINE, Js., concurred.