Beneficial Finance Company of Willimantic *v.*
Harold Crane

Appellate Division of the Circuit Court

File No. CV 11-653-1537

Argued May 16—decided September 22, 1967

*Charles S. Tarpinian,* of Willimantic, for the appellant (plaintiff).

*David C. Wichman,* of Manchester, for the appellee (defendant).

Pruyn, J. The plaintiff brought this action to recover the balance alleged to be due on a promissory note made by the defendant. The defendant's answer set forth his discharge in bankruptcy as a special defense, to which the plaintiff replied that the financial statement furnished by the defendant was false and was relied on by the plaintiff and the debt was not dischargeable in bankruptcy. On a trial to the court, it found the issues for the defendant, and from the judgment and the denial of a motion to open the judgment the plaintiff has appealed, assigning as error the conclusions of the court and its denial of the plaintiff's motion to correct the finding.

The court found the following facts: On July 17, 1964, the defendant executed his note to the

plaintiff, a duly licensed small loan company, and at the same time signed an application and financial statement. The statement showed a balance of $1076.96 due the plaintiff and a balance of $9595 due on the defendant's mortgage. This note was the thirtieth renewal of a note originally executed in 1955, and in each case it was renewed before full repayment had been made. The defendant received $91.13 as the proceeds of the loan after repayment of the balance due on a prior note. The application and financial statement contained instructions to the applicant to disclose all his debts of all kinds and not to omit any debts and a statement that the plaintiff relied on his good faith and the truth of his representations. It also contained a declaration by the applicant that to show his ability to repay and to induce the making of the loan all his debts were listed. The defendant for each prior loan and renewal had made his payments promptly. After the first note in 1955, the defendant on later notes did not fill out a complete statement of his financial condition, but listed only the balance due the plaintiff and the balance on his mortgage. The plaintiff's manager knew that the defendant was in poor financial condition at the time of executing the note which is the subject matter of this action and also told him not to list on the financial statement any debts except the balance due the plaintiff and the amount due on his mortgage. The financial statement did not list all the debts owed by the defendant at the time of the execution of the note. The plaintiff's manager had done business with the defendant for over three years and had handled six renewals of the note by the defendant. This transaction at the plaintiff's office took only a few minutes.

The plaintiff has made a wholesale attack on the finding, seeking to strike out certain facts and adding what is in essence its version of the facts. Much

of the evidence was conflicting. It is the trial court's function to determine the credibility of the witnesses and the weight to be given to their testimony. *Shakro* v. *Haddad,* 149 Conn. 160, 162. The appellate panel may correct the finding only if facts are found in language of doubtful meaning or if admitted or undisputed facts are not found, or if facts have been found without evidence. Practice Book § 985. A fact is not undisputed or admitted merely because it is uncontradicted. *Mercier* v. *American Refractories & Crucible Corporation,* 151 Conn. 559, 560. On examining the finding, the motion to correct, and the evidence, we see no basis for any corrections in the finding. The defendant's attack on the finding amounts to an attempt to retry his case. This cannot be done. *Setaro Motors, Inc.* v. *Intelisano,* 151 Conn. 590, 591.

The basic question presented by this appeal is whether the trial court was justified in its conclusion that the plaintiff did not rely on the defendant's financial statement in making the loan and that the statement was "merely a ceremonial device obtained perfunctorily as part of the loan transaction." In testing the conclusions reached by the court, we look at the finding and not the evidence, and unless the conclusions are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case, they must stand. *Gorman* v. *American Sumatra Tobacco Corporation,* 146 Conn. 383, 386; *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 692.

The Bankruptcy Act in § 17a (2), as amended in 1960, provides in part: "(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false repre-

sentations, or for . . . obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published . . . in any manner whatsoever with intent to deceive . . . ." 74 Stat. 409, 11 U.S.C. § 35 (a) (2) (1964); see such cases as *M-A-C Loan Plan, Inc.* v. *Crane,* 4 Conn. Cir. Ct. 29, 31; *Public Finance Corporation* v. *Xarhakos,* 2 Conn. Cir. Ct. 469, 472; *M-A-C Loan Plan, Inc.* v. *Cooper,* 23 Conn. Sup. 184, 186, 1 Conn. Cir. Ct. 169, 171. "Under the 1960 amendment as to the exception of the liability from discharge, the creditor must show that the financial statement was given with fraudulent intent and that the loan was made in full reliance on the financial statement." 9 Am. Jur. 2d, Bankruptcy, § 785; see 1 Collier, Bankruptcy (14th Ed.) ¶ 17.16, p. 1635.

Whether the plaintiff relied on the financial statement of the defendant, which was admittedly untrue and false, is a question of fact. "[R]eliance in the end is to a considerable degree a matter of one's opinion." *Wylie* v. *Ward,* 292 F.2d 590, 592. "In the final analysis the question of whether or not the plaintiff relied upon the misrepresentations of the defendant is a matter of fact to be decided by the trial court." *United Credit Plan, Inc.* v. *Seminary,* 162 So. 2d 807, 809 (La. App.).

The facts and circumstances surrounding this loan transaction—thirtieth renewal of a note originally made in 1955, prompt payment with no defaults of the prior notes and renewals, incomplete financial statements on all renewals after the original note, listing only balance due the plaintiff and balance on mortgage, knowledge by the plaintiff's manager of the defendant's poor financial condition, statement by the manager to the defendant not to list any debts except the balance due the plaintiff and the balance on the mortgage, the few minutes involved in con-

summating this transaction—all lead to a logical and reasonable conclusion that the plaintiff did not rely upon the financial statement and that the statement was taken by the plaintiff "not with any serious purpose of relying on it, but merely as a ceremonial device obtained perfunctorily as part of the loan transaction," as the trial court concluded. See *Public Finance Corporation* v. *Xarhakos,* supra, 475. "Courts, generally speaking, under somewhat similar, if not identical, circumstances have hesitated to find reliance upon the statement where, as here, a debtor has a long history with a loaning company and has made good on all his previous loans." Id., 473, and cases cited.

The assignment of error relating to the trial court's denial of the plaintiff's motion to open the judgment, not being briefed or argued, is deemed abandoned. In any event there is no merit to it.

There is no error.

In this opinion JACOBS, J., concurred.[1]

---

[1] This appeal was argued on May 16, 1967, before an appellate panel consisting of *Pruyn, Jacobs* and *Levine, Js.* Before the rendition of this decision, *Levine, J.,* was appointed a judge of the Court of Common Pleas. The parties have stipulated that this appeal may be decided by *Pruyn* and *Jacobs, Js.*