AYRES, Judge.
This is an action on a promissory note wherein plaintiff seeks to recover of the defendants, Herbert R. Brantley and Mrs. Mary E. Brantley, husband and wife, a balance due thereon of $562.76 in principal, with interest, and attorneys’ fees.
The defense is that defendants were discharged in bankruptcy June 1, 1967. Plaintiff contends, however, that as a condition precedent to the making of the loan represented by the note dated August 24, 1966, defendant Herbert Brantley was required to and did make a written application, with no amount stated, accompanied by a written financial statement containing a list of all his debts. The statement so furnished, though allegedly relied upon by plaintiff, was allegedly false and fraudulent and made for the purpose of deceiving plaintiff and to induce it to make the loan. Defendant Herbert Brantley admitted making the application, •the execution of the financial statement, and that the financial statement was incorrect and incomplete, but denied that plaintiff relied upon it in making the loan.
The court concluded the financial statement was false and fraudulent, to the knowledge of defendant Herbert Brantley, and that plaintiff relied upon it in making the loan. However, it was not shown that Mrs. Brantley participated in the execution of the statement. The defense urged was, as to her, sustained and plaintiff’s demands rejected. Judgment was, however, rendered against defendant Herbert R. Brantley and he appealed. No appeal was taken from that portion of -the judgement rejecting plaintiff’s demands against Mrs. Brantley.
*783 Of primary concern is a question as to plaintiff’s knowledge that the defendant’s financial statement was incorrect, incomplete, and false at the time the loan was made. Admitting the incorrectness of the statement, defendant testified he did not read it and was told to list only some of his debts. The list contains the names of ten creditors in addition to that of plaintiff. Plaintiff checked this statement by calling the creditors listed. The amounts due each of the creditors varied greatly from the sums listed by defendant. For instance, Allstate Finance Company was listed as a creditor to the extent of $12.00, whereas the balance was $314.40; The Ouachita National Bank at $127.50, the balance $191.16; Southern Finance Company at $300.00, the balance $800.00; Firestone Stores at $200.00, the balance $678.14; and Central Savings Bank at $3,000.00, the balance of two accounts aggregating $1,328.67. Investigation of defendant’s financial statement was completed before the loan was made. Hence plaintiff knew that the statement was incorrect and false, particularly as to the amounts of the obligations listed.
As provided in 11 U.S.C.A. § 35(a):
“A discharge in bankruptcy shall release a bankrupt from all of his provable debts * * * except such as * * * are liabilities for obtaining money or property by false pretenses or false representations * * *.
Before this section of the statute will be applicable, it is incumbent upon the plaintiff to show:
“(1) That defendant made false representations ; (2) that these representations were made with the intention of defrauding the plaintiff, and (3) that the plaintiff relied upon and was misled by the false pretenses or representations.” De Latour v. Lala, 15 La.App. 276, 131 So. 211 (1930); Seybold Finance Service Inc. v. Schwaner, 102 So.2d 317 (La.App., Orl. 1958); Perdido Finance Company v. Campbell, 144 So.2d 117, 118 (La.App., 4th Cir. 1962); Feliciana Finance Company v. Bateman, 194 So.2d 781 (La.App., 1st Cir. 1967); X-L Finance Company v. Civil, 200 So.2d 326 (La.App., 1st Cir. 1967).
The evidence is unconvincing that plaintiff relied upon and was misled by the false pretenses or representations made in defendant’s financial statement. It was established through the testimony of plaintiff’s manager and another employee that before making the loan they checked defendant’s statement by calling the creditors listed thereon and found that the statement, even as to the obligations listed, was erroneous and false. Nevertheless, no demand was made upon defendant to explain, correct, amplify, or complete his financial statement by naming all his creditors and correctly listing his obligations. Plaintiff could not, in making the loan, have relied upon the truthfulness of defendant’s statement which, by investigation, it learned was false.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered that plaintiff’s demands be, and they are hereby, rejected at its costs.
Reversed.