YARRUT, Judge.
Plaintiff, a small loan company, seeks to recover from Defendant on a note dated October 14, 1963, in the sum of $292.08, plus interest and costs, secured by a chattel mortgage. In its petition Plaintiff alleged that Defendant, on January 30, 1964, was adjudicated a voluntary bankrupt by the U. S. District Court in New Orleans, but that Defendant’s debt to it was not discharged by the adjudication because the loan was made to her in reliance upon a false financial statement, in writing, submitted to it when Defendant applied for the loan on October 14, 1963.
The Trial Court gave judgment for Plaintiff in the sum of $292.08, with 3^% per month interest on the first $150.00, and 21/2% per month interest on the remainder, both from November 25, 1963 until twelve months after the last contractual installment, thereafter 8% per annum interest until paid, plus 20% attorney’s fees on principal and interest, with recognition of Plaintiff’s chattel mortgage and privilege under the notarial act acknowledged before K. F. Blue, Notary Public, on October 14, 1963, and all costs. From this judgment Defendant has taken this appeal.
Plaintiff’s evidence consisted of the testimony of John M. Glaser, its Manager, who personally took and approved Defendant’s loan application,
Mr. Glaser testified that the original application was completed and signed by Defendant. While her loan application listed only five companies to whom she claimed to be indebted, with balances totalling $3,-300.00, a certified copy of her bankruptcy schedules shows she was adjudicated a bankrupt on January 30, 1964, and that listed on her schedules were many creditors, in addition to those she had listed on her loan application of October 14, 1963, with total debts much in excess of those disclosed in her loan application.
Letters introduced from Fidelity Acceptance Company, Claiborne Co. and Domestic Finance Corporation, show that on October 14, 1963, Defendant owed these three companies a total of $2,278.28, none of which was included in the list of loans and debts she submitted to Plaintiff on that date.
In particular, a letter from Superior Finance Plan, Inc. shows that on October 14, 1963 Defendant owed that Company $1,301.68, although she reported on her application that she owed this company only $350.00.
Mr. Glaser testified he was not able to check or verify the credit information given to him and, necessarily, had to rely upon the information given him by Defendant; and had he known about the additional loan balances he would not have qualified her for the loan.
Under cross-examination, Defendant testified that she graduated from Xavier University in 1951 and is a school teacher by profession. She admitted signing the loan application, having written it in her own handwriting. Defendant relies solely on her own testimony to the effect that, when she filled out the application, Mr. Glaser told her not to list all of her creditors. *658 Mr. Glaser denied that he told her to list only a few of her creditors, and that he was interested only in getting good business on the books.
He stated, viz:
“I’ve been in the loan business twenty years and nothing influences me but good business. I like good business. I like clean business. I don’t like overobligated borrowers and I make loans based upon what people tell me and the information that I am able to get and that is the exact way that I operate the business.”
A significant factor bearing on Defendant’s credibility was brought out when she was questioned on cross-examination about a suit pending against her in the First City Court of New Orleans when she went into bankruptcy, and which was listed on her bankruptcy schedule. She admitted that this suit was pending prior to her bankruptcy, but when asked if it was prior to the loan made with Foundation, she replied, “I don’t know. I don’t think so.” The record of this suit was introduced in evidence and shows not only that the suit was pending prior to October 14, 1963 but, in fact, that she was represented by an attorney who filed pleadings in her behalf. This was entirely inconsistent with her loan application wherein she stated she had no legal proceedings pending against her as of October 14, 1963.
This Court has repeatedly held that, under Sec. 17 of the Bankruptcy Act, the plaintiff in a case like this has the burden of proving: (1) That the defendant made false representations; (2) That such representations were made with the intention of defrauding plaintiff; and (3) That plaintiff relied upon and was misled by the false pretenses or representations. The record here shows Plaintiff-Appellee has met this burden.
In United Credit Plan, Inc. v. Seminary, La.App., 162 So.2d 807, we held:
“In the final analysis the question of whether or not the plaintiff relied upon the misrepresentations of the defendant is a matter of fact to be decided by the trial court. Under the circumstances reflected by this record, we are unable to say that the trial court committed reversible error- in accepting as valid the plaintiff’s version of the transaction. Except in instances of manifest error, a trial court’s factual conclusions and its evaluation of the credibility of witnesses will not be disturbed upon review thereof by us. This is more than a pious judicial formula to be sanctimoniously pronounced at the inception of an opinion and forgotten at the end.”
In the absence of a showing of manifest error the Trial Judge who heard the testimony of Plaintiff’s Manager and that of Defendant, and resolved the issue in favor of Plaintiff, will not be disturbed.
For the above reasons, the judgment of the Trial Court is affirmed; Defendant-Appellant to pay all taxable costs in both courts.
Affirmed.