53 So.2d 421 (1951)
PERSONAL FINANCE CO. OF SHREVEPORT, Inc.
v.
MURPHY.
No. 7689.
Court of Appeal of Louisiana, Second Circuit.
June 29, 1951.
Rehearing Denied July 25, 1951.
*422 John S. Gatti, C. B. Prothro, Shreveport, for appellant.
Lincoln Jeanes, Bossier City, for appellee.
HARDY, Judge.
This is a suit in which plaintiff claims the sum of $235.18 alleged to be the balance due on a promissory note originally executed for the principal sum of $300. The principal defense relied upon was that defendant had secured an order of discharge in bankruptcy, relieving him of all of his listed debts, among which was shown to be the obligation due plaintiff. Plaintiff filed a supplemental and amended petition, in which it was alleged that defendant procured an extension of credit upon the strength of a false financial statement relied upon by plaintiff. After trial there was judgment in favor of plaintiff in the amount of $76.38 with interest, attorney's fees and costs. This amount represented the actual sum of money received by defendant at the time of the negotiation of the loan here involved. From this judgment plaintiff has appealed.
The uncontradicted facts are that defendant, over a period of approximately a year, had been accustomed to negotiate a small loan from plaintiff and, after making varying numbers of payments, to negotiate a new loan. The last transaction of this nature occurred on January 24, 1949, at which time there was a balance of $214.92 on a previous note, payable in installments. Upon the execution of the note of January 24, 1949, in the principal sum of $300 defendant actually received in cash $76.38. The difference between the cash received and the principal amount of the new note was represented by the unpaid balance of the existing note. On August 22, 1949, defendant filed a schedule in bankruptcy, listing debts in the aggregate amount of $1, 405.63. At the time of the execution of the note of January 24th defendant had made and subscribed in writing a financial statement representing that his total debts did not exceed the sum of $229.02, including the unpaid balance of the note in favor of plaintiff of $214.92. There is no question as to the fact that this statement was false and fraudulent.
Plaintiff contends, on the basis of these facts, that it is entitled to judgment for the full amount of the obligation, inasmuch as the alleged renewal of the old note must be considered as an extension of credit which, under the provisions of the bankruptcy statute, is not affected nor released by the discharge.
We have considered the authorities relied upon by counsel for plaintiff in support of its contention, but we do not construe them as convincing upon the point at issue. In Samet v. Farmers' and Merchants' National Bank, 4 Cir., 247 F. 669, the court specifically stated that the thing obtained from the payment upon the false statement of the bankrupt was the substitution of a new note due at a future date for a note already due.
The language employed in the opinion of the court in Re Waite, D.C., 223 F. 853, indicates that the balance of an old note was exempt from the discharge in bankruptcy by reason of the fact that the creditor in accepting a new note surrendered its right to insist on payment of the note.
The point of distinction between the instant case and those cited, together with others, would seem to be the fact that the testimony does not establish the past due nature of the balance of $214.92 which remained upon the old note at the time of the negotiation of the note sued upon. The note was due in monthly installments and we fail to find any claim on the part of plaintiff that the installments were in default. As a consequence, we cannot subscribe to the contention that plaintiff obtained the entire principal sum and, accordingly, we think, as did the District Judge, that the actual amount of cash received is the measure of plaintiff's recovery. While unreservedly condemning defendant's action in the execution of a false financial statement, we cannot conclude, *423 from an equitable standpoint, that this has actually resulted in any loss to plaintiff.
For the reasons assigned the judgment from which appealed is affirmed at appellant's cost.