PERSONAL FINANCE CO.

*vs.*

ATWOOD MOORE

Kennebec.   Opinion, October 15, 1957.

*Charles A. Peirce,* for the plaintiff.

*Defendant, Pro Se.*

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

SULLIVAN, J.   This case is before this court upon the exceptions by the prevailing plaintiff to the ruling as to the measure of damages awarded. The cause was heard by a judge without a jury.

The action was upon the promissory note of the defendant-maker to the plaintiff-payee made and delivered

for value prior to the defendant's bankruptcy. The note was given partly in renewal of an existing but unmatured note upon which a balance of $512.90 was outstanding but not yet due and partly for a new and additional advance of $500.89 in cash. The trial judge found that at the time of the delivery of the note sued upon, the defendant gave to the plaintiff in writing an intentionally and materially false statement of his financial status with the successful purpose of deceiving the plaintiff and of inducing it, thereby, to consummate the transaction. The judge found that the defendant's plea of bankruptcy was not a bar to the plaintiff's action. 11 U. S. C. A. § 35; Bankruptcy Act § 17 (a) (2)

The plaintiff's exceptions are to the following ruling of the judge:

> "The 'money or property' so obtained by the defendant is confined to the so-called 'new money' which he obtained on October 22, 1952, viz: the $500.89 then advanced him - - - The extension or renewal of the previous note or its surrender is neither 'money' nor 'property' within the meaning of Section 17-A (2) of the Bankruptcy Act."

The Bankruptcy Act, as it pertains to the present controversy, reads thus:

> "(a)  A discharge in bankrutpcy shall release a bankrupt from all of his provable debts, - - - - except such as - - - (2) are liabilities for obtaining *money or property* by false pretenses or false representations, - - -." 11 U. S. C. A. § 35; Bankruptcy Act § 17 (a) (2). (Emphasis supplied.)

The trial judge ruled:

> "It is held that this false representation by defendant excepts from the defense of discharge in bankruptcy that liability of the defendant for the 'money or property' so obtained."

In deciding what "money or property" the defendant in fact obtained through his misstatements, the judge stated:

"As against the face amount of the Oct. 22, 1952 note ($1013.79) credits totaling $501.11 were applied, which credits, for the purpose of this case, must be apportioned between that part of the note representing the balance of the previous note ($512.90) and that part of the note representing the "new money" ($500.89). So apportioned arithmetically, of the total credits of $501.11, an amount of $253.52 is to be applied as credit on that part of the note representing the balance of the previous note and $247.59 is to be applied as credit on that part of the note representing the 'new money'. The defendant's liability not affected by his discharge in bankruptcy is expressed by the balance on that part of the note representing the 'new money' and so determined such unpaid balance is $253.30 plus interest from Sept. 16, 1953 to this date in the amount of $93.72, a total of $347.02."

*Personal Finance Co. of Shreveport, Inc.* v. *Murphy*, 53 So. (2nd) 421 (La.) (1951) presented facts indistinguishable in kind from those of the instant case. In that case, on January 24, 1949, the defendant was indebted to the plaintiff for $214.92 upon a prior, unmatured note payable in installments. The defendant on that day induced the plaintiff by a false, financial statement to take from him a new note for $300 and to pay him in cash the sum of $76.38 as the balance between the old and new notes. On August 22, 1949 the defendant became a bankrupt. Plaintiff thereafter sued the defendant for the unpaid balance of $253.18, of the note of January 24, 1949. The court said:

P. 422. "Plaintiff contends, on the basis of these facts, that it is entitled to judgment for the full amount of the obligation, inasmuch as the alleged renewal of the old note must be considered as an extension of credit which, under the provisions of the bankruptcy statute, is not affected nor released by the discharge - - -

The point of distinction between the instant case and those cited, together with others, would seem to be the fact that the testimony does not establish the past due nature of the balance of $214.92 which remained upon the old note at the time of the negotiation of the note sued upon. The note was due in monthly installments and we fail to find any claim on the part of plaintiff that the installments were in default. As a consequence, we cannot subscribe to the contention that plaintiff obtained the entire principal sum and, accordingly, we think, as did the District Judge, that the actual amount of cash received is the measure of plaintiff's recovery. While unreservedly condemning defendant's action in the execution of a false financial statement, we cannot conclude, from an equitable standpoint, that this has actually resulted in any loss to plaintiff."

There is contradictory authority, e. g.,

*Personal Finance Co., of New Jersey* v. *Bruns,* 84 A. (2nd) 32 (1951) and authorities cited.

The sole loss in "money or property" actually sustained by the plaintiff and "obtained" by the defendant, as a causative result of the latter's misrepresentations was the fresh cash paid to the defendant by the plaintiff. The transaction of October 22, 1952 was an integral contract, to be sure, but the prior note had not matured and was not in default and there is no evidence that the new note in reality extended the time for payment of the installments fixed under the former note. Upon the facts and circumstances of this case with reference to the application of Section 17 (a) (2) of the Bankruptcy Act we are in accord with the reasoning and result of *Personal Finance Co. of Shreveport, Inc.* v. *Murphy, supra,* and with the ruling of the trial judge.

*Exceptions overruled.*