FIRST CREDIT CORPORATION, Appellant, v. WELLNITZ, Respondent.

*September 5—October 1, 1963.*

For the appellant there was a brief by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *Herbert C. Hirschboeck* and *Alfred A. Heon* of counsel, all of Milwaukee, and oral argument by *Mr. Heon.*

No brief or appearance for the respondent.

GORDON, J.   The trial court, in reliance upon *Household Finance Corp. v. Christian* (1959), 8 Wis. (2d) 53, 98 N. W. (2d) 390, held that one who obtains an extension of credit by means of a materially false financial statement and who thereafter receives a discharge in bankruptcy remains legally responsible only for the new portion of the debt, *i.e.,*

that portion of the total debt which represented fresh cash received at the time of the extension. The *Christian Case* was decided before the amendment of sec. 17 (a) of the Bankruptcy Act, recited above.

We must determine whether the amendment of sec. 17 (a) of the Bankruptcy Act has caused a change in the law of this state with reference to the effect of a discharge in bankruptcy.

It should be noted that absent the 1960 change in the Bankruptcy Act, Wisconsin was one of a minority of states which limited the creditor to judgment for the amount of fresh cash advanced. The majority of courts took the view that where there had been a prior existing obligation and a new loan was negotiated for an additional amount, the giving of a false financial statement at the time of the new loan permitted the creditor to recover the entire indebtedness. See *Personal Finance Co. v. Bruns* (1951), 16 N. J. Super. 133, 84 Atl. (2d) 32.

We consider that the amendment of sec. 17 (a) necessitates our re-examining the result which we reached in the *Christian Case*. Although no appearance was made in this court by the respondent, we have determined not to apply our court rule, sec. 251.57, Stats., which would permit us to reverse the judgment as a matter of course. Instead, we have determined to address ourselves to the merits of the issue, since we are persuaded that the *Christian Case* has been superseded because of the change in the federal statutes.

Sec. 17 (a) of the Bankruptcy Act must be read in conjunction with sec. 14 (c) of the Bankruptcy Act, 11 U. S. C. sec. 32 (c) (3), which was amended at the same time as sec. 17 (a). The amendments to both sections on July 12, 1960, demonstrate that it was the intent of the Congress to eliminate the false financial statement as a ground for the denial of a complete discharge in bankruptcy (except for

those engaged in business), while making it clear that debts incurred by means of such statements would not be discharged in bankruptcy.

Thus, prior to its amendment, sec. 14 (c) read as follows:

"DISCHARGES, WHEN GRANTED.

"...

"(c) The court shall grant the discharge unless satisfied that the bankrupt has . . . (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition; . . ."

Sec. 14 (c) as amended on July 12, 1960 (after our decision in the *Christian Case*) reads as follows:

"DISCHARGES, WHEN GRANTED.

"...

"(c) The court shall grant the discharge unless satisfied that the bankrupt has . . . (3) while engaged in business as a sole proprietor, partnership, or as an executive of a corporation, obtained for such business money or property on credit or as an extension or renewal of credit by making or publishing or causing to be made or published in any manner whatsoever a materially false statement in writing respecting his financial condition or the financial condition of such partnership or corporation; . . ."

The legislative history of these sections supports the view that it was the will of the Congress to extend the scope of the exception where a materially false statement in writing was made. See Senate Report No. 1688, 86th Congress, 2d Session, June 24, 1960, reported in Vol. 2, 1960 U. S. Code Congressional and Administrative News, p. 2954. The report states (p. 2956):

"The purpose of this amendment is to assure that although the obtaining of money or property on credit through

the issuance of a false financial statement is no longer to be ground for denial of a discharge to a nonbusiness bankrupt, any obligation incurred as a result of such a statement [is] to be nondischargeable under section 17. The addition of the elements of reliance by the creditor and intent to deceive by the debtor are merely enactments of existing case law."

In 1 Collier, Bankruptcy (14th ed.), p. 1577, sec. 17.01, the author commented on the amendments as follows:

"With the amendment of sec. 14 (c) (3) removing the false financial statement as a ground for objecting to the discharge in bankruptcy of the nonbusiness bankrupt it became important to make certain that the obtaining of money, property or credit by use of such false statement resulted in a nondischargeable debt. Although case law had reached this conclusion prior to the amendment, the addition of the following clause in sec. 17 (2) removed any doubt on the subject: 'or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, . . .' "

To the best of our knowledge, none of the states (including Wisconsin) constituting the minority view on this question has been called upon to pass upon the effect of the change in the Bankruptcy Act. However, several courts have cited the statutory change as removing any uncertainty which may have existed under the previous statute. See, *e.g., M-A-C Loan Plan, Inc., v. Cooper* (1961), 23 Conn. Supp. 184, 179 Atl. (2d) 313; *Matter of Croston, Bankrupt,* No. 46108, U. S. district court for the Western district of New York, decided February 8, 1962 (unreported case discussed in Brown, Full Amount of Bankrupt's Indebtedness to Lender Nondischargeable—Where Last Loan Obtained by False

Financial Statement, 16 Personal Finance Law Quarterly Report (Spring, 1962), 41).

We conclude that in view of the change of the statutes the *Christian Case* is no longer operative, and the appellant was entitled to judgment for the sum of $1,391.77 instead of $303.72 against the respondent Charles Wellnitz.

*By the Court.*—Judgment modified to provide judgment against Charles Wellnitz in the sum of $1,391.77 and, as so modified, affirmed.