402 P.2d 944

**ADVANCE LOAN COMPANY,**
Plaintiff-Appellee,

v.

**Sidney N. BELL and Geraldine Bell,**
*Defendants-Appellants.*

**No. 7696.**

Supreme Court of New Mexico.

June 1, 1965.

Dale B. Dilts, Albuquerque, for appellants.

Dolan & Clear, Albuquerque, for appellee.

KERMIT E. NASH, District Judge.

This is an appeal from a judgment rendered in favor of plaintiff-appellee on a promissory note executed by defendants-appellants.

In its complaint, plaintiff alleged that on November 6, 1962, defendants made a false financial statement to plaintiff in which they represented that their debt obligations totaled $1,559.50, where in truth they owed

in excess of $12,000.00; that in reliance upon said representations plaintiff was induced to make a loan to defendants in the amount of $1,152.00; that on September 13, 1963, plaintiff first learned of the misrepresentation at the first creditors' meeting in the bankruptcy proceedings of defendants; and that $1,004.54 remains due and unpaid on the loan.

Defendants' answer generally denies the allegations of the complaint, with the exception that it admits that they were obligated on a house mortgage that they overlooked when they made the financial statement, but that such omission was not with fraudulent intent; allege that the loan was a renewal of an old loan and therefore plaintiff did not rely upon the financial statement; and plead discharge in bankruptcy.

The entire transcript contains only the complaint, the answer, three exhibits and the judgment. Although the briefs refer to oral testimony in a general way and, in fact, the findings of the court indicate there was oral testimony, none is contained in the transcript. No requests for findings of fact were made, but the trial court made three findings as follows:

"1. That the Plaintiff is engaged in the finance business and on or about November 6, 1962, the Defendants completed a false financial statement owing total debts of $1,559.50, when in truth and fact Defendants owed in excess of $12,000.00.

"2. That on said date the Defendants owed the Plaintiff the sum of $881.00 as a balance on a loan; that the Plaintiff made a new loan to the Defendants paying off the prior loan of $881.00 and loaning the Defendants an additional sum of $128.46 on the same day.

"3. That the Defendants filed an action in Bankruptcy in the United States District Court for the District of New Mexico, No. 4821 and the Plaintiff's loan was listed therein."

The trial court thereupon concluded as a matter of law that the new loan was obtained by fraud, in that the financial statement executed by the defendants was false and, therefore, the defense of discharge in bankruptcy is not valid and entered judgment for the principal amount of the balance due, costs and attorney's fees of $150.00.

In urging reversal, defendants contend:

"1. That as a matter of law plaintiff did not rely upon the financial statement, inasmuch as the loan obtained at the time was an old loan renewal."

or, in the alternative,

"2. That the amount received at the time the financial statement was executed was $128.46, the same being the amount obtained as a result of the false financial statement."

The trial court found that the loan was obtained by fraud. Since the defendants have not brought to us the testimony and pointed out where there was a lack of evidence showing all the elements of fraud, we will indulge all presumptions in favor of the judgment.

Insofar as relying upon the financial statement is concerned, we adopt the statement in the case of Industrial Bank of Commerce v. Bissel, 2 Cir., 219 F.2d 624, as follows:

"* * * However, reliance on a financial statement need not be proved by direct testimony. Ordinarily it may be proved by evidence showing that the statement was made to support an aplication for credit and that credit was given *after* receipt of the statement. * * *"

And, under the clear dictates of the Bankruptcy Act, as amended, 11 U.S.C.A. § 35, sub. a(2): "* * * or obtaining an extension or renewal of credit * * *." the fact. that the note was substantially a renewal of an existing debt does not make it dischargeable by bankruptcy, either in full or as to the amount of the existing debt. See First Credit Corporation v. Wellnitz, 21 Wis.2d 18, 123 N.W.2d 519, for an excellent discussion of the amendment to 11 U.S.C.A., § 35.

It follows that the trial court's judgment should be affirmed.

It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.