SEABOARD FINANCE COMPANY *v.* BARNES.

SAME *v.* BLAIR.

1. FRAUD—BANKRUPTCY.
   The Court of Appeals does not interpret the bankruptcy act, or amendments thereto, in an action for fraud in obtaining funds from plaintiff through use of false financial statement (11 USC, § 1 *et seq.*, as amended).

2. SAME—BURDEN OF PROOF.
   The party who alleges fraud in action based upon fraud has the burden of proof.

REFERENCES FOR POINTS IN HEADNOTES
[1] 9 Am Jur 2d, Bankruptcy § 23.
[2] 24 Am Jur, Fraud and Deceit § 255.
[3, 4] 24 Am Jur, Fraud and Deceit §§ 217–220.

3. SAME—DAMAGES.

> Plaintiff in action for fraud must prove that he has suffered a loss directly from, and as a clear consequence of, the fraud, and the damages to be recovered must always be the natural and proximate consequence of the act of which complaint is made.

4. SAME—FALSE FINANCIAL STATEMENTS.

> Recovery in action for fraud through use of false financial statements is limited to amount of moneys advanced pursuant to use of such false statements and does not embrace entire debt of obligor including debt theretofore owed.

Appeal from Muskegon; Beers (Henry L.) and Piercey (John H.), JJ. Submitted Division 3 October 5, 1965, at Grand Rapids. (Docket Nos. 424, 425.) Decided December 20, 1965. Leave to appeal granted by Supreme Court February 24, 1966. See 377 Mich 703; 378 Mich 627.

Summons and bill of particulars in Muskegon Municipal Court by Seaboard Finance Company against Oscar R. Barnes for money obtained by a false financial statement. Similar action by Seaboard Finance Company against Robert Lee Blair. Partial judgment for plaintiff in both cases. Plaintiff appeals to Muskegon Circuit Court. Stipulation filed that both cases will be governed by opinion in Seaboard Finance Company *v.* Barnes. Partial judgment for plaintiff. Plaintiff appeals and cases consolidated in Court of Appeals. Affirmed.

*Cochran & Grimm (Jack M. Grimm, of counsel),* for plaintiff.

*John S. White,* for defendants.

BURNS, P. J. These two cases have been consolidated for trial and on appeal. Both cases have practically the same facts. The defendants-appellees borrowed money on promissory notes from the plaintiff-appellant. Each note was in the amount

of $500. While the original notes were still in effect and up to date, the defendants obtained additional sums of money from the plaintiff. Barnes obtained $85.52 and Blair obtained $120.59. The old notes were destroyed and new notes written for the amount of $500.

The defendants executed financial statements which were false in that they did not list all of the debts and obligations of the defendants.

Thereafter, defendants filed bankruptcy proceedings and received discharges therein.

The lower court awarded judgments for the plaintiff in the amounts advanced on the second transactions and not the $500 asked.

The appellant has appealed the judgments, claiming that the trial court misinterpreted the effects of the bankruptcy act and the amendments thereto.[1]

These are not cases where the plaintiff brought suits on promissory notes and the defendants pleaded bankruptcy as a defense, and this Court does not interpret the bankruptcy act or amendments thereto.

The plaintiff sued in pleas of trespass on the case for the balances due on loans obtained by false financial statements.[2]

In an action for fraud the burden of proof is upon the party who alleges fraud. It is incumbent upon the party to prove that he has suffered a loss directly from, and as a clear consequence of, the fraud. As stated in *Findlater* v. *Dorland* (1908), 152 Mich 301, 308: " ' "The damage to be recovered must always be the *natural and proximate consequence* of the act complained of." ' "

The trial judge correctly held that the damages to the plaintiff were the moneys advanced at the

[1] See 11 USC, § 1 *et seq.*, as amended.—REPORTER.
[2] Summons, affidavits of accounts, and bills of particulars filed in the municipal court of Muskegon.

time the false financial statements were made by the defendants. Judgments affirmed. Costs to appellees.

HOLBROOK and T. G. KAVANAGH, JJ., concurred.