SEABOARD FINANCE COMPANY v. BARNES.

SAME v. BLAIR

1. ACTION—ASSUMPSIT—STIPULATIONS—STATEMENT OF ISSUES.

Action on new note given by maker when former note was extinguished and new money advanced by lender was in action in assumpsit in view of stipulation of fact showing such was plaintiff's action, that it was so understood by defendant maker, and in view of statement of the issue involved by the judges in both ·the municipal and circuit courts.

2. PLEADING—WAIVER—AGREED STATEMENT OF FACTS.

Technical questions of pleading will be considered as having been waived unless the contrary appears, when a case is submitted to the court on a report of the evidence or an agreed statement of facts.

3. ACTION—PLEADING—STATEMENT OF CAUSE OF ACTION.

The former forms of action have been abolished, it being necessary in stating a cause of action that reasonable notice be given of the nature of the cause of action pleaded rather than pleading a claim to fit some one of the forms ·of action.

4. SAME—APPEAL—CONTRACTS—STIPULATION OF FACTS—OBJECTION TO FORM OF ACTION.

Claimed breach of contract set forth in bill of particulars and the contract theory on which case was tried, as set forth

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur 2d, Actions §§ 11–18.
[2] 41 Am Jur, Pleading §§ 389–391.
[3] 41 Am Jur, Pleading § 71.
[4] 1 Am Jur 2d, Actions §§ 11–18.
   41 Am Jur, Pleading § 71.
   5 Am Jur 2d, Appeal and Error § 573.
[5] 50 Am Jur, Statutes §§ 223, 274–276, 348, 350–352,
[6] 9 Am Jur 2d, Bankruptcy §§ 706, 707,

in the stipulation of facts signed by counsel, as well as the concise statement of facts and precise question involved signed by the trial judge may not be disregarded on appeal, especially where no objection to form of action in assumpsit was made.

5. STATUTES—AMENDMENT—INTENT.

Two amendments to the same statute made by the legislative body at the same time must be read together in order to determine the legislative intent.

6. BANKRUPTCY—DISCHARGE—EXTENSION AND ADVANCE—FRAUD.

Amendments of bankruptcy act clearly provide that where the bankrupt had obtained an extension of credit at the time of giving a new note covering the unpaid balance and new advances as a result of false representations, a discharge of the *entire* indebtedness will be denied (11 USCA, § 32[c][3] and § 35[a][2], as amended in 1960).

Appeal from Court of Appeals, Division 3, Burns, P. J., Holbrook, and T. G. Kavanagh, JJ., affirming Muskegon, Beers (Henry L.), J. Submitted October 5, 1966. (Calendar No. 4, Docket Nos. 51,388, 51,389.) Decided March 7, 1967.

2 Mich App 5, reversed and remanded.

Summons and bill of particulars in Muskegon Municipal Court by Seaboard Finance Company against Oscar R. Barnes for money obtained by a false financial statement. Similar action by Seaboard Finance Company against Robert Lee Blair. Partial judgment for plaintiff in both cases. Plaintiff appeals to Muskegon Circuit Court. Stipulation that both cases will be governed by opinion in Seaboard Finance Company v. Barnes. Partial judgment for plaintiff. Plaintiff appealed and cases were consolidated in Court of Appeals. Partial judgment for plaintiff affirmed by Court of Appeals. Plaintiff appeals. Reversed and remanded for entry of full judgment for plaintiff.

*Cochran, Vander Ploeg & Grimm (Jack M. Grimm,* of counsel), for plaintiff.

*White, Spaniola, Knudsen & Stariha (John S. White,* of counsel), for defendants.

T. M. KAVANAGH, J.  Plaintiff brought an action, labeled in the printed form of the summons as trespass on the case, in the Muskegon municipal court to recover from defendant Blair the balance on a $500 indebtedness.  At the same time plaintiff instituted another suit to recover against defendant Barnes.  The only difference between the two cases was the amount of advanced cash involved.

On November 12, 1959, plaintiff Seaboard loaned $500 to Blair, taking his promissory note therefor.  On July 15, 1960, while current in his payments, Blair applied for and received an extension of credit on the balance due on the original obligation and additional cash in the amount of $120.59.[*]  The original note was cancelled and a new note representing Blair's total indebtedness was executed in the amount of $500.  Blair provided plaintiff with a financial statement to induce it to extend the original obligation and to lend him the additional money.  It is admitted the statement was materially false and that plaintiff relied on it.

Subsequently, Blair filed in bankruptcy and sought the discharge of all his obligations to plaintiff.  He received a discharge from his provable and dischargeable debts.

Blair claims that while he owes the $120.59, representing the new money, the remainder of his liability on the note was discharged in bankruptcy.

---

[*] Stipulation of facts, paragraph 2: "Defendant applied for and received from plaintiff an extension of credit and an advance of cash in the amount of $120.59."

Plaintiff claims that the entire debt is nondischargeable and that Blair's liability is for $472.81.

In the companion case of Barnes, the only difference is that the original loan of $500 was made on May 9, 1958, and the second note—representing an extension of credit and an advance of cash—was executed on September 6, 1960. The advance of cash here was in the amount of $85.52 and was given pursuant to a false financial statement.

The Muskegon municipal court found that "the false and fraudulent financial statement should be applied only to the additional compensation which was obtained concurrent with the false statement." Judgments were rendered accordingly.

Plaintiff appealed both cases to the Muskegon circuit court. The circuit judge held that the first debt, being a legitimate loan, was dischargeable in bankruptcy but that the additional money obtained by fraud was not dischargeable. The circuit judge rendered identical judgments in both cases, except as to the amounts thereof.

Plaintiff sought to appeal both judgments. Leave was granted by the Supreme Court December 23, 1964, for preparation and presentation to the Court of Appeals. The cases were consolidated in the Court of Appeals, which Court characterized the dispute as "an action for fraud" and found that the correct measure of damages was the moneys advanced at the time the false financial statements were made by defendants. The circuit court's judgments were affirmed. The Court of Appeals said (2 Mich App 5, 7):

"These are not cases where the plaintiff brought suits on promissory notes and the defendants pleaded bankruptcy as a defense, and this Court does not interpret the bankruptcy act or amendments thereto.

"The plaintiff sued in pleas of *trespass on the case* for the balances due on loans obtained by false financial statements." (Emphasis supplied.)

The Court of Appeals then proceeded to apply the rule of damages applicable in cases of fraud, saying (pp 7, 8):

"In an action for fraud the burden of proof is upon the party who alleges fraud. It is incumbent upon the party to prove that he has suffered a loss directly from, and as a clear consequence of, the fraud. As stated in *Findlater* v. *Dorland* (1908), 152 Mich 301, 308: ' " 'The damage to be recovered must always be the *natural and proximate consequence* of the act complained of.' " '

"The trial judge correctly held that the damages to the plaintiff were the moneys advanced at the time the false financial statements were made by the defendants. Judgments affirmed."

Plaintiff is here on leave granted.

Two questions are raised on appeal:

(1) Was the nature of the action *ex contractu* or *ex delicto?*

(2) Does the 1960 "Celler amendment" to the Federal bankruptcy act [11 USCA, § 35(a)(2)] deny a discharge of the whole amount of the note as an extension or renewal of credit plus advanced "new cash"?

In dealing with the first question, we find that counsel for the parties entered into stipulations of fact in each case dated July 22, 1963. The stipulations can only be read to mean an action in assumpsit and show plainly that defendants understood the plaintiff to be suing in assumpsit. The trial judge in the circuit court signed a concise statement of facts which stated the issue, as tried to him, to be as follows:

"The question involved:

" 'Where an existing current note is extinguished by a renewal note extension with new money advanced, obtained by a materially false statement relied on by the lender, followed by the borrower's bankruptcy, is recovery limited to only the new money advanced, or is the full balance of the extended obligation nondischargeable?' "

The issue was stated in similar form when tried in the Muskegon municipal court.

The Court of Appeals construed the isolated phrase "trespass on the case" in the summons as determining the form of action in these cases to be in fraud and not assumpsit.

41 Am Jur, Pleading, § 395, p 564, reads as follows:

"When a case is submitted to the court on a report of evidence or on an agreed statement of facts, technical questions of pleading will be considered as having been waived, unless the contrary appears."

The forms of action formerly existing in Michigan procedure were abolished by GCR 1963, 110.3. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 178, has this to say on forms of action:

"The ordinary forms of action (assumpsit, trespass on the case, replevin, and ejectment) have been generally disregarded by Michigan courts. Emphasis is placed upon the presentation of facts which state a cause of action, and upon giving reasonable notice of the nature of the cause pleaded, rather than on pleading the claim to fit one of the forms of action."

It is evident in the instant cases, by virtue of the bill of particulars and the stipulations of facts

signed by counsel for the parties, that the defendants were fully aware of the nature of plaintiff's claim. So was the circuit judge when he stated precisely the question involved. The bill of particulars is plainly based on a claim *ex contractu* in assumpsit and seeks the recovery of money loaned and unpaid.

These cases were tried on the merits under stipulations of facts. No objection to the form of action was made.

"The case was apparently tried on its merits, and no objection to the form of action is shown to have been made. Recovery can be had for a tort under the common counts in assumpsit, and if no objection is made to the form of action until after all the evidence has been introduced it will not prevail. *Boston & W. R. Co.* v. *Dana,* 1 Gray (67 Mass) 83." *McDonald* v. *Young* (1917), 198 Mich 620, 628.

The Court of Appeals was clearly in error in disregarding the claimed breach of contract set forth in the bill of particulars and the contract theory on which the cases were tried, as set forth in the stipulations of facts signed by counsel as well as the concise statement of facts and the precise question involved signed by the trial judge.

The second question is much more difficult. Prior to 1960 a minority of the State courts, including Wisconsin, Louisiana, and Washington, limited the creditor to judgment for the amount of new cash advanced.

A majority of courts took the view that where there has been a prior existing obligation and a new loan was negotiated for an additional amount, the giving of a false financial statement at the time of the new loan permitted the creditor to recover the entire indebtedness.

The 1960 "Celler amendment" of section 17(a) (2) of the bankruptcy act, 11 USCA, § 35 (a)(2), must be read in conjunction with section 14(c)(3) of the bankruptcy act, 11 USCA, § 32(c)(3), which was amended at the same time as section 17(a)(2). The amendment of both sections demonstrates that it was the intent of congress to limit the false financial statement as a ground for the complete denial of a discharge in bankruptcy, while making it clear that debts incurred by means of such statements would not be discharged in bankruptcy. Prior to its amendment section 14(c)(3) read as follows:

"Discharges, when granted  *  *  *
"(c) The court shall grant the discharge unless satisfied that the bankrupt has  *  *  *  (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition."

As amended on July 12, 1960, section 14(c)(3) now reads as follows:

"Discharges, when granted  *  *  *
"(c) The court shall grant the discharge unless satisfied that the bankrupt has  *  *  *  (3) while engaged in business as a sole proprietor, partnership, or as an executive of a corporation, obtained for such business money or property on credit or as an extension or renewal of credit by making or publishing or causing to be made or published in any manner whatsoever a materially false statement in writing respecting his financial condition or the financial condition of such partnership or corporation."

Prior to its amendment section 17(a)(2) read as follows:

"Debts not affected by a discharge

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts  *  *  * except such as  *  *  *  (2) are liabilities for obtaining money or property by false pretenses or false representations."

After the 1960 amendment section 17(a)(2) read:

"Debts not affected by a discharge

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts  *  *  * except such as  *  *  *  (2) are liabilities for obtaining money or property by false pretenses or false representations, *or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive.*" (Amendment italicized.)

The legislative history of these sections supports the view that it was the will of congress to extend the scope of the exception where a materially false statement in writing was made. See Senate Report No 1688, 86th Congress (2d Sess), June 24, 1960, reported in 2 USC, Congressional and Administrative News (1960), p 2954; see also 1 Collier, Bankruptcy (14th ed, 1961), p 1577.

We conclude, in view of the amendment of the bankruptcy act, the exception in the act has been extended to deny a discharge of the whole amount of the renewed or extended obligation. The defendants' reliance on the bankruptcy discharge is without merit.

Since the adoption of the amendment to the bankruptcy act, the Wisconsin, Louisiana, and Washington supreme courts, following the above reasoning, have joined the majority. See *Liberal*

*Finance Corporation* v. *Holley* (La, 1963), 157 S2d 376; *First Credit Corporation* v. *Wellnitz* (1963), 21 Wis 2d 18 (123 NW2d 519); *Federal Finance Co., Inc.,* v. *Merkel* (1964), 65 Wash 2d 379 (397 P2d 436).

The judgments of the Court of Appeals are reversed and the cases remanded for entry of judgments in the lower court for the entire amount of the new notes. Plaintiff shall have costs.

DETHMERS, C. J., and KELLY, BLACK, T. M. KAVANAGH, SOURIS, O'HARA, and ADAMS, JJ., concurred.

BRENNAN, J., took no part in the decision of this case.