Per Curiam.

The financial statement made by defendant to induce renewal of the unpaid balance of the prior note together with some fresh cash was admittedly false. Defendant’s attempt to explain it away by a most improbable story attributing it to the unsolicited advice of a former employee of plaintiff, that omission of a substantial number of his debts was necessary to obtain further credit or cash, cannot serve to excuse defendant in making and signing such false statement. In fact, the attempted explanation is contradicted by the document itself, showing a different employee to have handled this transaction of note, financial statement and related papers, as well as by such employee’s testimony, and, moreover,, by defendant’s financial statement made about six months previously at time of prior note similarly omitting the same debts, this one witnessed by a still different employee.
The court below evidently so found in awarding judgment to plaintiff despite the discharge in bankruptcy obtained by defendant but erroneously limited the recovery to the amount of fresh cash advanced. The conflict in views as to whether such a defrauded creditor could recover for extension or renewal of credit included with fresh cash at time of execution of new note and the then submission of a false financial statement, was resolved by the 1960 amendments of section 17 (subd. [a], par. [2]) of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a], par. [2]) and section 14 (subd. [c], par. [3]) (IT. S. Code, *986 tit. 11, § 32, subd. [c], par. [3]) clearly excluding from the effect of a discharge in bankruptcy ‘ ‘ liabilities for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published * * * in any manner whatsoever with intent to deceive ” (emphasis added). (See, also, First Credit Corp. v. Wellnitz 21 Wis. 2d 18 and M-A-C Loan Plan v. Cooper 23 Conn. Sup. 184.)
Judgment modified by increasing the recovery thereof to the sum of $485.76 with interest and costs, and, as modified, affirmed with $25 costs to appellant.
Concur — Quinn,, J. P., Gold and Streit, JJ.
Judgment modified, etc.